UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GREGORY JAMES BLEDSOE      CIVIL ACTION NO. 21-cv-4367

VERSUS      JUDGE ELIZABETH E. FOOTE

DEAN WILLIS ET AL      MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

### Introduction

Gregory James Bledsoe ("Plaintiff") asserted federal and state law claims of malicious prosecution against Shreveport police officers Dean Willis and David McClure based on an alleged wrongful arrest that led to Plaintiff's two-year incarceration for crimes he did not commit. Willis and McClure filed a motion to dismiss based on qualified immunity. Judge Foote denied the motion, and the Fifth Circuit affirmed.

Willis and McClure next filed an answer (Doc. 70) in response to the 196-paragraph complaint. The answer asserted affirmative defenses in seven, separate paragraphs. Before the court is Plaintiff's Motion to Strike (Doc. 75) in which he argues that the defenses (1) fail to provide the requisite fair notice or (2) do not apply as a matter of law. For the reasons that follow, the motion to strike will be denied.

### Background Facts

According to the complaint, Officer McClure responded to a reported burglary at a rented residence that was managed by Port City Realty. He interviewed the tenant, who said that when she arrived home she noticed that the front door was unlocked, a window

on the door was broken, and some items were missing. McClure collected fingerprints, which the crime lab reported were not identifiable.

Port City Realty soon contracted with Plaintiff to repair the broken window. Plaintiff alleges that he was cut by glass while making the repair. Officer McClure returned to the property after the repair was made. The tenant told him that she had noticed blood near the (fixed) window. McClure took a sample of the blood, and DNA analysis indicated that it belonged to Plaintiff. The tenant told Officer Willis that she did not know Plaintiff or give him permission to enter her property.

Willis obtained an arrest warrant based on the DNA match, and Plaintiff was arrested for simple burglary of an inhabited dwelling. He was released on bond, but he failed to appear for a hearing on time, was arrested, and was incarcerated for two years plus an additional year on home confinement while he awaited trial. Plaintiff eventually went to trial on a lesser charge of criminal trespass, and a judge found him not guilty.

**Analysis**

A defendant who responds to a pleading must admit or deny the allegations asserted against him, state in short and plain terms his defenses to each claim asserted against him, and "affirmatively state any avoidance or affirmative defense," such as contributory negligence, res judicata, or statute of limitations. Fed. R. Civ. Pro. 8(b)(1) & (c). A defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999). Failure to timely plead an affirmative defense may result in waiver, but a defendant does not waive a defense if it was

raised at a pragmatically sufficient time and did not prejudice the plaintiff in his ability to respond.  The prejudice inquiry considers whether the plaintiff had sufficient notice to prepare for and contest the defense.  Brown v. City of Central, 2024 WL 546340, *4 (5th Cir. 2024).

"The court may strike from a pleading an insufficient defense … ."  Fed. R. Civ. Pro. 12(f).  Motions to strike are generally disfavored, but a Rule 12(f) attack on a defense is proper when the defense is insufficient as a matter of law.  Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982).  Such motions are infrequently granted, and the moving party must generally make a showing of prejudice.  Ho v. Jefferson Fin. Fed. Credit Union, 2024 WL 493633 (E.D. La. 2024).

The first affirmative defense asserts: "The Complaint fails to state a claim on which relief may be granted."  Plaintiff argues that this is not technically an affirmative defense, and the proper vehicle for such an argument is a Rule 12(b)(6) motion to dismiss rather than an answer.  If Plaintiff is correct, then Defendants have simply given him more notice than he is entitled to under law.  There can be no prejudice.  This is the sort of argument that gives motions to strike a bad name.

The second and third affirmative defenses at issue are asserted in separate paragraphs dedicated to assertions by McClure and then Willis that they are entitled to qualified immunity because they acted within the scope of their discretionary authority based upon a good faith belief in the correctness of their actions, and all actions taken were objectively reasonable in light of clearly established law at the time of the conduct.

Plaintiff argues that the defenses are at odds with the facts admitted in the answer and that the Fifth Circuit affirmed that the officers were not entitled to qualified immunity on their earlier Rule 12(b)(6) challenge. The court finds that the answer gives fair notice to Plaintiff of the qualified immunity defense, and the fact that the Rule 12(b)(6) challenge based on qualified immunity did not prevail does not mean that the defense is completely barred. That challenge rested on the assumption that the facts alleged in the complaint were true. Defendants may be able to marshal evidence that is presented in a motion for summary judgment or at trial and re-urge their qualified immunity defense in that procedural setting. Plaintiff can argue in response that admissions in the answer undermine the defense, but it is far too early to foreclose the defense for all purposes. The motion to strike will be denied with respect to this challenge.

The fourth affirmative defense asserts that any injuries suffered by Plaintiff are attributable, either in whole or in part, to the wrongful or negligent conduct of third parties for whom Defendants cannot be held legally responsible. Plaintiff asserts that he cannot adequately conduct discovery about this third-person fault because he has no way of knowing who the individuals may be, whether one or both of the defendants are asserting the defense, and the claims to which the defense is asserted.

The answer makes it readily apparent that both Defendants are asserting this defense and that it would apply to any state law claims to which the comparative fault doctrine is applicable. Plaintiff can direct interrogatories or deposition questions to fleshing out the identities of any such third persons and their alleged actions. The motion to strike will be denied with respect to this challenge.

The fifth and sixth affirmative defenses plead the immunities and limitations of liability set forth in two Louisiana statutes cited in the defenses. Plaintiff urges that this fails to provide him with enough specificity to provide fair notice. The court disagrees. Plaintiff can ask through discovery for the particular bases on which such immunities and limitations may be based. This challenge will be denied.

The seventh and final affirmative defense pleads that Plaintiff will be responsible for Defendants' costs, including attorney's fees, pursuant to 42 U.S.C. § 1988 if Defendants are the prevailing parties. Plaintiff argues that this is not an affirmative defense, but rather a request for relief. No matter its proper categorization, it gives Plaintiff adequate notice that Defendants intend to seek fees as the prevailing parties in the event they prevail on the merits. There is no possibility of prejudice to Plaintiff from this being included in the answer. Furthermore, if a party mistakenly designates a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated. Fed. R. Civ. Pro. 8(c)(2).

The defenses at issue give fair and adequate notice to Plaintiff of the nature of the defenses. Plaintiff has not persuaded the court that the defenses as listed are inadequate to allow him to explore them through discovery or that he will suffer any related prejudice. For the reasons stated above, Plaintiff's **Motion to Strike (Doc. 75)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this the 15th day of April, 2024.

Mark L. Hornsby
U.S. Magistrate Judge